UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MIGUEL PADILLA,
    Plaintiff,
v.
NANCY A. BERRYHILL,
    Defendant.

Case No. 5:18-cv-06123-EJD

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 1, 12, 20, 25

Miguel Padilla ("Plaintiff") seeks judicial review of the Commissioner of the Social Security Administration's ("Defendant") administrative decision denying Plaintiff's application for disability benefits. Both parties move for summary judgment or, in the alternative, for a remand for further administrative proceedings. Having considered the Parties' papers, Plaintiff's motion for summary judgment and remand is **DENIED** and Defendant's motion for summary judgment is **GRANTED**.[1]

## I. BACKGROUND

### A. Factual Background

Plaintiff was 49 years old when he applied for disability benefits. Admin. R. at 181. Plaintiff was an iron worker from 1992 to 2006 and a mechanic from 2007 to July 2012. *Id.* at 211. Plaintiff has not been gainfully employed since July 8, 2012 (the asserted onset date of his disabling condition). *See id.* at 17, 181.

---

[1] Because the Court grants Defendant's motion for summary judgment, it does not reach Defendant's request for remand.

Plaintiff's conditions include asthma, vertiginous syndromes and other disorders of the vestibular system, affective disorders, anxiety disorder, organic mental disorder, and tinnitus. *Id.* at 17. Plaintiff is also considered obese. *Id.* at 18. Plaintiff has been diagnosed with "mild" sleep apnea and headaches. *Id.* at 18.

### 1. Joan Hoffman, M.D.

In September 2014, Dr. Hoffman, Plaintiff's examining physician, determined that Plaintiff suffered from chronic asthma, vertigo, and tinnitus. Plaintiff's brain MRI revealed that he suffered from an "empty sella." *Id.* at 702. In Dr. Hoffman's opinion, the MRI explained Plaintiff's history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing. *Id.* Dr. Hoffman also found that Plaintiff suffered from headaches, imbalance, reduced cognitive function, ringing in ears, temporary hearing loss, motion sickness, nausea and vomiting, sensitivity to bright lights and noise, lack of coordination, and dizziness. *Id.*

While Dr. Hoffman could not predict how often Plaintiff's symptoms interfered with his daily life, she did note that certain factors, like "stress, exertion, sudden exertion, sudden movement, or change in head position" tended to negatively affect Plaintiff's health. *Id.* at 703 (noting that Plaintiff uses a cane to walk and to aid his balance); *see also id.* at 703 (finding it impossible to predict how often Plaintiff would need breaks during 8-hour workday because it was hard to predict when vertigo would worsen). Dr. Hoffman found that Plaintiff's "impairments [are] likely to produce 'good days' and 'bad days,'" and that Plaintiff is thus likely to be absent from work more than four times a month. *Id.* Despite these symptoms, Dr. Hoffman found that Plaintiff "rarely" experienced pain or other symptoms severe enough to interfere with the attention and concentration needed to perform simple work tasks. *Id.*

### 2. Lance Gee, M.D.

On July 6, 2012, Dr. Gee diagnosed Plaintiff with "dizziness." *Id.* at 317–18. Dr. Gee regularly examined and consistently diagnosed Plaintiff with "dizziness" and "persistent vertigo." *See id.* at 323, 325–26, 348, 358–60, 372–73, 384, 402, 412, 419, 426, 429. Dr. Gee prescribed

Case No.: 5:18-cv-06123-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

2

Plaintiff Xanax "when needed for anxiety." *Id.* at 358–60, 372–73. Dr. Gee ordered an MRI, which revealed "[n]onspecific moderate ventriclomegaly of the lateral and third ventricles with an empty sella [and] [p]atent[2] aqueduct of Sylvius and normal fourth ventricle." *Id.* at 325–26.

Dr. Gee determined that Plaintiff's dizziness and vertigo were worsening. For instance, on October 17, 2012, Dr. Gee diagnosed Plaintiff with vertigo, asthma, and "worsening vertigo," and prescribed Albuterol "when needed for shortness of breath." *Id.* at 386–88. On January 10, 2013, after confirming his vertigo and asthma diagnosis, Dr. Gee noted that "[Plaintiff] [is] still severely symptomatic and is unable [to] work with sensitive equipment or dangerous objects." *Id.* at 398–401; *see also id.* at 404–06 (same). Later that year, on May 15, 2013, Dr. Gee diagnosed Plaintiff with memory loss and dizziness. *Id.* at 408. And, on January 6, 2014, after noting Plaintiff's history of chronic vertigo, Dr. Gee stated that Plaintiff is "unable to do more [than] 4 hours of meaning[ful] work at home." *Id.* at 434.

### 3. Thomas McCord, Ph.D.

Dr. McCord evaluated Plaintiff and performed several different procedures and tests, including a complete Mental Status Evaluation and Psychological Testing, a Fourth Edition Wechsler Adult Intelligence Scale, a Fourth Edition Wechsler Memory Scale, and "Trials A and B." *Id.* at 782–84.

Plaintiff received a composite score of 67 for the Wechsler Adult Intelligence Scale, which is "extremely low." *Id.* at 783. Plaintiff received a composite score of 49 for the Auditory Memory Index, which is also "extremely low." *Id.* Finally, Plaintiff received a composite score of 85 for the Visual Memory Index, which is a "low average" classification. *Id.* Dr. McCord also diagnosed Plaintiff with "mild depression with anxiety." *Id.* at 784.

Dr. McCord performed a psychological evaluation of Plaintiff. The evaluation was based on a single session, performed in a structured environment, and derived from the aforementioned

---

[2] Patent refers to a vessel, duct, or aperture being "open and unobstructed." *Definition of Patent in English*, LEXICO, https://www.lexico.com/en/definition/patent (last visited Feb. 25, 2020).

tests. *Id.* at 782-84. Dr. McCord found that Plaintiff suffered from anxiety and possible depression. *Id.* at 784. He also found that these symptoms were recent and were likely rooted in Plaintiff's lack of work. *Id.* Dr. McCord continued:

> [Plaintiff] shows minimal impairment in his ability to understand and carry out simple instructions and tasks and severe impairment as the instructions and tasks become more complex. [Plaintiff] demonstrates severe impairment in his ability to attend to usual work situations, including attendance, safety, etc. and severe impairment in his ability to deal with changes in a routine work environment. [Plaintiff] demonstrates moderate to severe impairment in his concentration, pace, and persistence. [Plaintiff] demonstrates minimal impairment in his ability to interact appropriately with supervisors, co-workers, peers, and the public.

*Id.* at 784.

### 4. Parimal Shah, M.D.

Dr. Shah evaluated Plaintiff at the request of the Social Security Administration, Admin. R. at 772, and found that Plaintiff has:

Exertional Limitations
The claimant can lift and/or carry (including upward pulling) 100 pounds occasionally and 50 pounds frequently. Pushing and/or pulling (including operation of hand and/or foot controls) is not limited other than for lift/carry. Standing and/or walking (with normal breaks) can be done without limitations in a normal 8-hour workday. It is deemed, in the opinion of this examiner that a medically required hand-held assistive device, (i.e. a cane) is not required for ambulation. Sitting (with normal breaks) can be done without restrictions. Outside of the normal break periods, the claimant does not need to periodically alternate sitting, and standing to relive pain/discomfort.

Postural Limitations
Climbing ramps and stairs can be done frequently. Climbing ladders, ropes, and scaffolds can be done frequently. Balancing can be done without restrictions. Stopping, kneeling, crouching, and crawling can be done frequently.

Manipulative Limitations
The [Plaintiff] can reach without limitations in all directions, including overhead. Gross manipulation (handling) can be done without limitations. Fine manipulation (fingering) can be done without limitations. Feeling (skin receptors) can be done without limitations.

Visual/Communicative Limitations
There are no limitations in vision appreciated. There are no limitations in hearing appreciated. There are no limitations in speaking appreciated.

<u>Environmental Limitations</u>
The [Plaintiff] has no environmental limitations, except for based on this exam, to avoid all exposure to hazards such as machinery. Explanation of limitations: This is because of [Plaintiff's] vertigo and frequent falls with safety reasons in mind and common-sense approach.

*Id.* at 778–79.

### B. Procedural History

Plaintiff filed an application for disability benefits on October 22, 2014. *Id.* at 181. He alleges that his disabling condition began on July 8, 2012. *Id.* After his application was denied, Plaintiff filed a Request for Reconsideration. *Id.* at 119. The Social Security Administration ("SSA") affirmed its decision and maintained that Plaintiff is not "disabled under [their] rules." *Id.* at 119, 125–26. In response, on December 17, 2015, Plaintiff submitted a Disability Appeal and requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 132.

Plaintiff received this hearing on May 19, 2017. *Id.* at 15. After considering Plaintiff's arguments and the supporting evidence, the ALJ concluded that, pursuant to the Social Security Act, Plaintiff was not disabled. *Id.* at 15–28.

Although Plaintiff requested a review of the ALJ's decision, the Appeals Council determined that there was no reason to conduct a review. *Id.* at 180. Hence, on July 31, 2018, the ALJ's decision became the final administrative decision. *Id.* at 1. Plaintiff then filed this action. Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Mot."), Dkt. 20. Defendant filed a cross motion for summary judgment on July 26, 2019. Defendant's Cross-Motion for Summary Judgment ("D Mot."), Dkt. 25. On August 9, 2019, Plaintiff filed an opposition to this cross-motion. Plaintiff's Response to Defendant's Cross Motion ("P Opp."), Dkt. 26. Defendant filed a reply on November 4, 2019. Defendant's Reply re Cross-Motion ("Reply"), Dkt. 28.

## II. LEGAL STANDARD

### A. Standard for Reviewing the ALJ's Decision

A court has jurisdiction over social security appeals when the plaintiff files the appeal
Case No.: 5:18-cv-06123-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
5

within 60 days. 42 U.S.C. § 405(g).[3] The jurisdiction of federal courts, however, is limited to judging whether substantial evidence was used in the denial of benefits. *Id.* The substantial evidence standard is met when the record contains sufficient evidence supporting the ALJ's factual conclusions. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In other words, the court must ask whether a reasonable mind, based on the evidentiary record, could reach the ALJ's holding. *Id.* Further, if the evidence provided supports multiple rational interpretations, then the administrative decisions reached below must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, if legal error occurred in the administrative process or if the administrative decision is not supported by substantial evidence, the decision may be set aside. *Treviso v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

### B. Standard for Determining Disability

An applicant is "disabled" if their "physical or mental impairment or impairments are of such severity that [they] [are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A five-step process is used to make this determination. 20 C.F.R. §§ 404.1520(a)(4). In steps one through four,[4] the claimant carries the burden of proof; in step five, however, the ALJ carries the burden of proof. *Burch*, 400 F.3d at 679. In the fifth step, the SSA considers the applicant's residual functional capacity, age, education, and work experience to see if the applicant can "make an adjustment to other work." If an adjustment can be made, the applicant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v).

### C. Standard for Evaluating Medical Opinion Evidence

Physicians fall into three categories: (1) treating physicians, (2) examining physicians, and (3) non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (1995). Treating physician

---

[3] *See* Admin. R. at 2 ("You have 60 days to file a civil action . . . . The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it.").
[4] Because these four steps are not relevant to the Parties' arguments, the Court does not analyze them. The Court thus only states the rule for step five, which is in dispute.

Case No.: 5:18-cv-06123-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

6

opinions are accorded more weight than examining physician opinions and examining physician opinions are accorded more weight than non-examining physician opinions. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Lester*, 81 F.3d at 830).

Clear and convincing reasons supported by substantial evidence are required to reject an uncontradicted opinion of a treating or examining physician. *Ryan*, F.3d at 1198 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).[5] If treating and examining physician opinions are contradicted by another physician's opinion, they may be rejected as long as there are specific and legitimate reasons supported by substantial evidence supporting the rejection. *Ryan*, 528 F.3d at 1198 (citing *Lester*, 81 F.3d at 830).

However, a contradicting opinion of a non-examining physician does not alone constitute substantial evidence. Rather, a non-examining physician must provide justification as to why they rejected the decision of a treating or examining physician opinion. *Ryan*, 528 F.3d at 1202 (quoting *Lester*, 81 F.3d at 831). It is legal error to reject a medical opinion, or assign it little weight, without offering a substantive basis for doing so. *Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

### III. DISCUSSION

Plaintiff argues that Defendant improperly evaluated the medical evidence. Mot. 7:13–12:6. Plaintiff maintains that Defendant: (1) incorrectly assessed Dr. Hoffman's opinion as subjective and inconsistent with other evidence; (2) failed to address Dr. Gee's statement that Plaintiff could not work more than four hours; (3) gave too little weight to Dr. McCord's opinion

---

[5] Defendant argues that the *Biestek* opinion prevents this Court from using the "clear and convincing" standard. Reply at 3:1–4. The Court disagrees. The Supreme Court confined its opinion in *Biestek* to a narrow question—whether an expert who testified about the availability of certain jobs in the economy and refused to provide the private market-survey data underlying her testimony could be categorically precluded from counting as "substantial evidence." 139 S. Ct. at 1152. That same question is not at issue here. *Id.* at 1154 n.1 ("[N]or did [Petitioner's] briefing and argument focus on anything other than the Seventh Circuit's categorical rule. We confine our opinion accordingly."). Therefore, the standard remains that if uncontradicted by another physician, clear and convincing reasons supported by substantial evidence are required to reject a treating or examining physician's opinion.

1    that Plaintiff had more than a minimal limitation; and (4) gave too much weight to Dr. Shah's

2    opinion. *Id.* at 8:14–16, 9:21–24, 10:23–24, 11:12–23.

3    Plaintiff also argues that Defendant improperly rejected symptom testimony. *Id.* at 12:7–

4    15:11. This, Plaintiff contends, was error, especially when combined with Defendant's improper

5    evaluation of the medical evidence. *Id.* at 15:12–16:21. In Plaintiff's view, by improperly

6    weighing the medical opinions and symptom testimony, the hypotheticals presented to the

7    vocational expert in the fifth step were erroneous and should have no evidentiary value. *Id.* at

8    16:12–21. This Court disagrees; Defendant correctly evaluated the medical evidence and

9    symptom testimony and formed proper conclusions.

### A. ALJ's Evaluation of Medical Opinion Evidence

Defendant assigned partial weight to Dr. Hoffman's medical opinion, little weight to Dr. Gee's medical opinion, partial weight to Dr. McCord's medical opinion, and significant weight to Dr. Shah's medical opinion. Admin. R. at 24–25. According to 20 C.F.R. § 404.1527(a), Dr. Hoffman was an examining physician, *see id.* at 702–10; Dr. Gee was a treating physician, *see id.* at 279-435; Dr. McCord was an examining physician, *see id.* at 782–84; and Dr. Shah was a non-examining physician, *see id.* at 772. Dr. Hoffman, Dr. Gee, and Dr. McCord's opinions were contradicted by other medical opinions. *Compare* Admin. R. at 434 (stating that Plaintiff was "unable to do more [than] 4 hours of meaning[ful] work at home"), *and id.* at 703 ("[Plaintiff] sometimes need[s] to take unscheduled breaks during an 8-hour working day"), *and id.* at 784 ("[Plaintiff] demonstrates severe impairment in his ability to attend to usual work situations, including attendance, safety, etc."), *with id.* at 87 (finding that Plaintiff is not significantly limited in his ability "to be aware of normal hazards and take appropriate precautions" or "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"), *and id.* at 778–779 ("Standing and/or walking (with normal breaks) can be done without limitations in a normal 8-hour workday."). Therefore, as noted, Defendant needed (and had) specific and legitimate reasons supported by substantial evidence to reject Dr. Hoffman, Dr.

Gee, and Dr. McCord's medical opinions. *See Ryan*, 528 F.3d at 1198 (citing *Lester*, 81 F.3d at 830).

### 1. Dr. Hoffman's Medical Opinion

Dr. Hoffman's medical opinion was properly evaluated using the substantial evidence standard. Dr. Hoffman was an examining physician. *See* Admin. R. at 702–10 (examining and diagnosing Plaintiff, but only seeing Plaintiff occasionally and not over a long period of time); 20 C.F.R. § 404.1527(c). In evaluating Dr. Hoffman's medical examinations, Defendant acknowledged and assigned significant weight to the finding that "[Plaintiff] used a cane to ambulate for balance because this observation is consistent with the claimant's treatment notes." Admin. R. at 25. However, the remainder of Dr. Hoffman's findings were assigned little weight, especially as related to Plaintiff's need for unscheduled breaks and monthly absences. *Id.* at 25. This is because Dr. Shah's medical opinion contradicted Dr. Hoffman's medical opinion. For instance, Dr. Hoffman found that Plaintiff needs a cane to help with balance and would need to take unscheduled breaks during an 8-hour workday. *Id.* at 702–03. In contrast, Dr. Shah found that Plaintiff does not require a cane and can stand and walk with normal breaks, without limitations, during a normal 8-hour workday. *Id.* at 772–79.

Because of the differing medical opinions, specific and legitimate reasons supported by substantial evidence, not clear and convincing reasons, was the requisite standard. *See Ryan*, 528 F.3d at 1198 (citing *Lester*, 81 F.3d at 830). Defendant described Dr. Hoffman's limitations as "not consistent with the objective findings, . . . based on the [Plaintiff's] self-reports, . . . [and] overly restrictive in light of the [Plaintiff's] conservative treatment and [] reports that Plaintiff's dizziness lasts approximately 1 minute." Admin. R. at 25. Through this description, Defendant thus properly provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Hoffman's opinion. *See Ryan*, 528 F.3d at 1198 (citing *Lester*, 81 F.3d at 830).

### 2. Dr. Gee's Medical Opinion

Plaintiff next argues that Defendant failed to properly account for Dr. Gee's determination

Case No.: 5:18-cv-06123-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
9

that Plaintiff was unable to work more than 4 hours. Mot. 10:6–8. This argument is improper. A medical opinion indicating disability or an inability to work is not equivalent to a legal finding of disability. 20 C.F.R. § 404.1527; *see also Wennet v. Saul*, 777 Fed. Appx. 875, 878 (9th Cir. 2019); *Sarkiss v. Colvin*, 623 Fed. App'x 329, 330 (9th Cir. 2015); *McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011). Only Defendant (the Social Security Administration) has the power to make such a disability determination. 20 C.F.R. § 404.1527(d).

Plaintiff further argues that Defendant improperly weighed Dr. Gee's medical opinion. Dr. Gee was a treating physician. *See* Admin. R. at 279–435; 20 C.F.R. § 404.1527(c)(2). And, Dr. Gee's medical opinion was contradicted by Dr. Shah. While Dr. Gee concluded that Plaintiff is "unable to do more [than] 4 hours of meaning[ful] work at home," Admin. R. at 434, Dr. Shah determined that standing, walking, and sitting, with normal breaks, can be done without restrictions in a normal 8-hours workday. *Id.* at 778. Due to this contradiction, specific and legitimate reasons supported by substantial evidence was the applicable standard in weighing Dr. Gee's medical opinion. *See Ryan*, 528 F.3d at 1198.

In evaluating Dr. Gee's medical treatment, Defendant found that Dr. Gee's medical opinion was "temporary in nature, . . . overly reliant on the [Plaintiff's] self-reports, and . . . not supported by the objective medical evidence in the record." *Id.* at 26. Defendant thus had specific and legitimate reasons, based on substantial evidence, supporting its decision to reject Dr. Gee's medical conclusions. *See Ryan*, 528 F.3d at 1198 (citing *Lester*, 81 F.3d at 830). Accordingly, Defendant's determination was proper.

### 3. Dr. McCord's Medical Opinion

Defendant properly evaluated Dr. McCord's medical opinion by using the substantial evidence standard. Dr. McCord was an examining physician. *See* Admin. R. at 782–84 (examining Plaintiff, performing various evaluations, but only seeing Plaintiff once), 20 C.F.R. § 404.1527(c). Plaintiff argues that the "clear and convincing reasons" standard governs Dr. McCord's medical opinion. Mot. 11:9–11. This is incorrect; Dr. McCord's medical opinion was

contradicted. Dr. McCord noted:

> [Plaintiff] shows minimal impairment in his ability to understand and carry out simple instructions and tasks and severe impairment as the instructions and tasks become more complex. He demonstrates severe impairment in his ability to attend to usual work situations, including attendance, safety, etc. and severe impairment in his ability to deal with changes in a routine work environment. He demonstrates moderate to severe impairment in his concentration, pace, and persistence. He demonstrates minimal impairment in his ability to interact appropriately with supervisors, co-workers, peers, and the public.

Admin. R. at 784.

Dr. Celine Payne-Gair, who performed a Mental Residual Functional Capacity Assessment, found:

> [Plaintiff] can understand and remember simple instructions, . . . can adapt to routine change in the workplace . . . can complete simple tasks, maintain attention and concentration for periods of at least two hours, complete a normal workday and workweek w/o significant py-related interruptions, and perform at a consistent pace . . . [and] . . . can relate appropriately to the public, peers and supervisors.

*Id.* at 87.

Because of this contradiction, the appropriate standard is whether Defendant utilized specific and legitimate reasons supported by substantial evidence when evaluating Dr. McCord's medical opinion. *Ryan*, 528 F.3d at 1198 (citing *Lester*, 81 F.3d at 830). Defendant explained that "Dr. McCord's findings . . . are overly restrictive in light of the claimant's minimal mental health treatment of record and Dr. McCord's one-time evaluation of [Plaintiff]." Admin. R. at 25. Thus, because Defendant had specific and legitimate reasons supported by substantial evidence, it properly rejected Dr. McCord's medical findings. *See Ryan*, 528 F.3d at 1198.

### 4. Dr. Shah's Medical Opinion

Plaintiff argues Defendant gave Dr. Shah's medical opinion too much weight. Mot. 11:12–23. This is incorrect. Dr. Shah was a non-examining physician. *See* Admin. R. at 772 ("[Plaintiff] understands that no treatment would result from today's examination and was made aware of the fact that usual patient-physician confidentiality does not exist."); 20 C.F.R.

§ 404.1527(c)(3). The weight of non-examining physician opinions depends "on the degree to which they provide supporting explanations for their medical opinions." 20 C.F.R. § 404,1527(c)(3). Dr. Shah's opinion includes statements about the examinations performed and the conclusions reached based on these examinations. Admin. R. at 772–79. Further, Dr. Shah explained her medical conclusions. Admin. R. at 772–79. Defendant thus properly agreed with Dr. Shah's opinion because it "was based on a physical evaluation of the claimant and objective medical findings consistent with the evidence as a whole." *Id.* at 24. Therefore, because Dr. Shah provided supporting explanations for her medical opinion, it was appropriate for Defendant to assign "significant weight to Dr. Shah's opinion." *Id.*

### B. ALJ's Evaluation of Plaintiff's Symptom Testimony

Plaintiff argues that Defendant improperly evaluated Plaintiff's symptom testimony. Testimony about symptoms alone does not establish disability. 20 C.F.R. § 404.1529(a). Objective medical evidence is required to corroborate assertions of medical impairments. 20 C.F.R. § 404.1529(a); *see also Garrison v. Colvin*, 759 F.3d 995, 1014–15 (2014). If Plaintiff's testimony is medically supported, Defendant needs clear and convincing reasoning to reject Plaintiff's testimony. *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (2002).

Plaintiff alleges that Defendant "identifies no specific records contrary to any of [Plaintiff's] specific statements regarding his limitations." Mot. 13:12–13. The record, however, shows that the contrary occurred. Indeed, Defendant first noted "that the [Plaintiff's] medical records only partially support his allegations." Admin. R. at 21. Defendant next identified conservative treatments for Plaintiff's alleged symptoms and tracked specific instances of such treatments and explained why such incidences were given weight. *Id.* at 21–23. Finally, Defendant points out that the testimony about Plaintiff's vertigo episodes lasting one-hour is inconsistent with the medical records describing two-minute episodes. *Id.* at 21, 48, 320.

Plaintiff next argues that "[Defendant] has not specified which testimony he found not credible and has not provided clear and convincing reasons supported by evidence in the record to

Case No.: 5:18-cv-06123-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

12

support [Defendant's] credibility determination." Mot. 13:23–25. Defendant, however, did exactly that. Admin. R. at 21–23 (explaining inconsistency between hearing testimony about vertigo and the medical documentation regarding this reported symptom). Defendant determined that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained throughout this decision." Admin. R. at 23. The Court thus sees no reason to question Defendant's determinations concerning Plaintiff's symptom testimony.

### C. ALJ's Disability Determination

Defendant utilized the appropriate standard when determining whether Plaintiff could adjust to other work. The fifth step of the disability determination concerning adjustment to other work in the national economy incorporates residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). Plaintiff argues that Defendant's residual functional capacity determination is inconsistent with the jobs Plaintiff could perform. Mot. 16:1–9.

The determination about whether an applicant can adjust to other work is not made using only the Plaintiff's residual functional capacity. *See* 20 C.F.R. § 404.1520(a)(4)(v) ("[W]e consider our assessment of your residual functional capacity *and* your age, education, and work experience to see if you can make an adjustment to other work." (emphasis added)). Defendant properly considered the "[Plaintiff's] age, education, work experience, *and* residual functional capacity." Admin. R. at 27. Plaintiff provides no legal authority for why Defendant's determination is problematic. *See* Mot. 15:13–16:9. To the contrary, the relevant precedent indicates that Defendant's methodology was proper. Thus, Defendant's "adjustment to other work" determination was reasonable.

Plaintiff next argues that Defendant's reliance on the vocational expert's testimony is problematic because it fails to account for all of Plaintiff's limitations and restrictions. Mot.

16:10–21. Plaintiff maintains that Defendant failed to properly include symptom testimony and medical opinions from Dr. Hoffman, Dr. Gee, and Dr. McCord. Mot. 16:15–17. This argument, however, depends on the Court finding an error in Defendant's evaluation of the relevant medical opinions or symptom testimony. The Court held that no such error exists. *See supra*. Plaintiff's argument is thus meritless. Accordingly, Defendant's "fifth-step" determination was proper.

## IV. CONCLUSION

The proper standards were applied in Defendant's disability determination. Therefore, the Court **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Cross-Motion for Summary Judgment.[6] The Clerk shall close the file and a judgment in favor of Defendants shall follow.

**IT IS SO ORDERED.**

Dated: February 28, 2020

EDWARD J. DAVILA
United States District Judge

---

[6] Defendant's Motion for Remand is thus also **DENIED**. *See* Mot. 2:10.